IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KG STRATEGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1001-RP |
| MAEFIELD DEVELOPMENT CORPORATION, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff's Motion for Entry of Default Judgment, (Dkt. 9). (R. & R., Dkt. 14). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on February 11, 2025. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 14), is **ADOPTED**. Plaintiff's Motion for Default Judgment, (Dkt. 9), is **GRANTED in part**. Judgment is entered in favor of KG Strategies, LLC in terms of liability on its breach of contract claim, but no damages will be awarded at this time.

In the context of default judgment, damages must generally be proven by the submission of evidence, such as an affidavit, or through an evidentiary hearing. *Cacho v. Amity One Debt Relief*, No. EP-24-CV-160-KC, 2024 WL 4594177, at *5 (W.D. Tex. Oct. 24, 2024) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Federal Rule of Civil Procedure 55(b)(2)(B) explicitly grants the district court wide latitude on whether to hold or forgo an evidentiary hearing on the issue of damages. *J&J Sports Prods., Inc. v. Patino*, No. EP-16-CV-00412-DCG, 2017 WL 2297029, at *2 (W.D. Tex. May 24, 2017) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)); *see also* Fed. R. Civ. P. 55(b)(2)(B). When forgoing an evidentiary hearing, damages may be proven through detailed affidavits. *See e.g. J&J Sports Prods.*, 2017 WL 2297029, at *3 (relying on affidavits to award statutory damages, punitive damages, and attorneys' fees).

When relying on pleadings and supporting documents such as affidavits to award damages on a motion for default judgment, the Court must be able to determine the amount of damages "with certainty." *See Longwell v. Wynd Travel Choice Glob., Inc.*, No. 1:19-CV-00557-RP, 2022 WL 22877319, at *3 (W.D. Tex. Sept. 20, 2022). Courts have found certain sums by reviewing affidavits supported by documentary evidence such as invoices, bills, and payment receipts. *See e.g., Longwell*, 2022 WL 22877319, at *3; *EW Polymer Group, LLC v. GSX Int'l Group, Inc.*, 622 F. Supp. 3d 232, 239 (M.D. La. 2022); *Mid-Gulf Shipping Co. Inc. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 325 (E.D. La. 2020).

The Court will not enter a final judgment at this time. Plaintiff may file a motion for final judgment in accordance with this order and the reasoning in the report and recommendation, and

file adequate support for its proposed damages calculation, on or before **March 18, 2025**. If Plaintiff does not file support for its alleged damages and/or fees amount by that date, the Court intends to enter final judgment closing the case.

**SIGNED** on March 5, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE